UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TYRONE HOLMAN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 03-cv-4226-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Tyrone Holman's ("Holman's") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) and two amendments to that motion (Docs. 3 & 5). The government responded to Holman's filings (Docs. 9 & 10).

**I.  Background**

In March 2001, Holman was indicted on one count of conspiring to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 (count 1), and on three counts of possessing with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (counts 3, 4 and 5 in the Second Superseding Indictment).

Represented by Eric Butts ("Butts"), Holman pled guilty without a plea agreement in October 2002. During the plea colloquy, the Court confirmed that Holman had discussed the indictment and the case in general with Butts and that Holman was satisfied with Butts's representation. The Court also reviewed the charges against Holman, who assured the Court that he understood them and had no questions about them. The Court also warned him of the statutory penalties, including a sentence of imprisonment for count 1 of ten years to life if his relevant conduct was 50 grams or more of crack cocaine and five to forty years if his relevant

conduct was 5 grams or more but less than 50 grams of crack cocaine, and for counts 3, 4 and 5 of up to 20 years.  The Court confirmed that Holman had discussed the federal sentencing guidelines with Butts, including how they might apply in his case.  It further warned Holman that his sentence would be based on his relevant conduct and that the Court would not be able to determine his sentence until it had reviewed a presentence investigation report.  It advised Holman that if the sentence was more severe that what he expected, he would still be bound by his plea of guilty.  Holman then admitted that he sold crack cocaine as alleged in counts 3, 4 and 5 and that he participated in a conspiracy to distribute more than 50 grams of crack cocaine.  Holman confirmed that no threats or promises had been made to him to induce him to plead guilty and that he was pleading guilty as his own free and voluntary act.  The Court then accepted his guilty plea.

On January 23, 2003, the Court held a sentencing hearing.[1]  At sentencing, neither Holman nor the government objected to the Presentence Investigation Report ("PSR").  The Court therefore adopted it and made the following findings.  It found that Holman's relevant conduct was at least 35 grams but less than 50 grams of crack cocaine, which under the United States Sentencing Guideline[2] ("U.S.S.G.") § 2D1.1 yielded a base offense level of 30.  The Court adjusted the offense level upward by 2 points under U.S.S.G. § 2D1.1(b)(1) because Holman possessed a gun during the commission of the crime, yielding an offense level of 32.  The Court further found that Holman was a career offender under U.S.S.G. § 4B1.1 based on prior drug or

---

[1] Holman's sentencing occurred before the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).

[2] Unless otherwise noted, the references to the guidelines in this order are to the 2002 United States Sentencing Guidelines Manual.

violent felony convictions, which raised his offense level to 34.  The Court then reduced Holman's offense level by 3 points pursuant to U.S.S.G. § 3E1.1(a) & (b) because he accepted responsibility for his crimes, yielding a total offense level of 31.  Considering Holman's criminal history category of VI, established either by his career offender status under U.S.S.G. § 4B1.1 or his 14 criminal history points under U.S.S.G. Ch. 5, pt. A, this yielded a sentencing range of 188 to 235 months in prison.  The Court sentenced Holman to serve 228 months on each count, all to run concurrently and all within the applicable statutory sentencing ranges.  Judgment was entered on January 24, 2003.  At no time prior to or during the sentencing hearing did Holman ask to withdraw his plea of guilty.

Holman appealed to the Seventh Circuit Court of Appeals, where Butts filed an *Anders* brief seeking to be allowed to withdraw as counsel.  *See Anders v. California*, 386 U.S. 738 (1967).  The Court of Appeals granted Butts's motion to withdraw and dismissed Holman's appeal on July 31, 2003.  *United States v. Holman*, 72 F. App'x 469 (7th Cir. 2003).  The Court of Appeals issued the mandate on August 22, 2003.  Holman did not petition the United States Supreme Court for a writ of *certiorari*.

Holman filed this timely § 2255 motion on December 19, 2003.  In it, Holman asks the Court to vacate his conviction and sentence on the grounds that Butts was constitutionally ineffective in his erroneous pre-plea advice about the sentence Holman was likely to receive.  In a July 18, 2004, supplement to his § 2255 motion, Holman advances a direct challenge to his sentence based on *Blakely v. Washington*, 542 U.S. 296 (2004), and in an October 4, 2004, supplement, he complains of several errors in application of the Unites States Sentencing Guidelines and reiterates his other arguments.

In its response, the government argues that Butts was not ineffective and that Holman's *Blakely* argument must fail because *United States v. Booker*, 543 U.S. 220 (2005), the case that applied *Blakely* to the United States Sentencing Guidelines, is not retroactively applicable on collateral review. In its supplemental response, the government submits an affidavit from Butts regarding his representation of Holman.

**II.     § 2255 Standard**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an error is "constitutional, jurisdictional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

**III.    Analysis**

The Court finds that Holman has not presented any evidence or argument meriting either a hearing or relief under § 2255.

  A.     <u>Ineffective Assistance of Counsel</u>

Holman argues that Butts was constitutionally ineffective in violation of his Sixth Amendment right to assistance of counsel. However, Holman has not presented anything that amounts to constitutionally ineffective assistance of counsel.

The Sixth Amendment to the Constitution states, in pertinent part, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

To satisfy the first prong of the *Strickland* test, the plaintiff must direct the Court to specific acts or omissions of his counsel. *Fountain*, 211 F.3d at 434 (citing *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995)). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the range of professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Id.* The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 2006 WL 1789008 at *5 (7th Cir. June 30, 2006). "A reasonable probability is defined as one that is sufficient to

undermine confidence in an outcome." *Adams*, 2006 WL 1789008 at *5 (citing *Strickland*, 466 U.S. at 694).

In a case where a petitioner pled guilty as a result of alleged ineffective assistance of counsel, to satisfy the first prong of the *Strickland* test the petitioner must show that his counsel's advice leading to the plea was outside the range of professionally competent assistance. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). To satisfy the second *Strickland* prong, he must show that there is a reasonable probability that, but for his counsel's deficient performance, he would not have entered a guilty plea and instead would have gone to trial. *Hill*, 474 U.S. at 58; *Hays v. United States*, 397 F.3d 564, 568 (7th Cir.), *cert. denied*, 126 S. Ct. 422 (2005); *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000). To make such a showing, the petitioner must present objective evidence that he would not have entered a guilty plea; his own self-serving testimony is not enough. *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (citing *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991)).

Holman cannot show that Butts's performance was deficient or that he was prejudiced from any deficiency. As for the performance prong of the *Strickland* test, competent counsel must make a reasonably accurate estimate of a defendant's likely sentence when the defendant is contemplating a guilty plea. *United States v. Hodges*, 259 F.3d 655, 659 (7th Cir. 2001); *United States v. Barnes*, 83 F.3d 934, 939-40 (7th Cir. 1996). "[T]he attorney's analysis need not provide a precisely accurate prediction of the respective consequences of pleading guilty or of going to trial." *Barnes*, 83 F.3d at 939. "A defendant can prove that his attorney's performance was deficient if he shows that his attorney did not make a good-faith effort to discover the facts relevant to his sentencing, to analyze those facts in terms of the applicable legal principles and to

6

discuss that analysis with him." *Id.* at 940. "[A]n attorney's mere inaccurate prediction of a sentence, standing alone, does not demonstrate the deficient performance component of a claim of ineffective assistance of counsel." *Id.* (internal quotations omitted).

Holman has not alleged anything showing that Butts failed to make a good-faith estimate of his possible sentence. Holman points to a handwritten note on his copy of the Second Superseding Indictment indicating that count 1 carried a minimum sentence of ten years. In his affidavit, Butts contests that he wrote the note, but the issue is immaterial since the note is correct that count 1 as charged – a conspiracy to distribute more than 50 grams of crack cocaine – carried a statutory minimum sentence of ten years under 21 U.S.C. § 841(b)(1)(A). Thus, the notation on the Second Superseding Indictment is accurate and cannot amount to deficient performance.

Holman further alleges that Butts told him that the government promised to recommend a sentence of less than 13 years. This allegation directly contradicts Holman's statement during the plea colloquy that no promises had been made to him to induce him to plead guilty. "Representations and admissions made by a defendant in a plea agreement and during a change of plea hearing are . . . entitled to 'a presumption of verity.'" *United States v. Loutos* 383 F.3d 615, 619 (7th Cir. 2004) (quoting *United States v. Pike*, 211 F.3d 385, 389 (7th Cir. 2000)). Holman has not offered any reason why the Court should not rely on his statement made under oath at the plea hearing.

Furthermore, although Holman claims Butts told him of a promised sentence recommendation from the government, he never alleges Butts's actual estimate of his possible sentencing range under the guidelines, which he admitted in his plea colloquy that Butts discussed with him. Butts, on the other hand, has sworn in an affidavit that he was aware of

7

Holman's criminal history and advised him that he would likely be sentenced as a career offender under the guidelines.  Butts's recollection is bolstered by a December 23, 2002, letter Holman submitted with his § 2255 motion in which Butts points out that the PSR found "a much lower offense level than [Holman] and [Butts] had previously discussed."  Thus, even if everything Holman says is true, the undisputed evidence shows that Butts gave him a good-faith estimate of his sentence as a career offender (which turned out, in fact, to be too harsh) and may have told him the government would recommend a sentence of less than 13 years.  In light of the Court's pre-plea admonitions to Holman that his sentence would be governed by the guidelines and not his expectations and Holman's statement that his plea was not induced by any promise from the government, any erroneous information from Butts about the government's recommendation would not amount to deficient performance in view of the totality of Butts's advice regarding Holman's possible sentence.

  Furthermore, Holman has failed to allege any objective evidence showing that he would not have entered a guilty plea – or would have withdrawn his guilty plea – and would have gone to trial had he been properly advised.  He has not presented anything other than his self-serving speculation that he might have gone to trial had Butts advised him differently, and that is not enough to demonstrate prejudice from deficient counsel performance.  Indeed, even being fully and accurately advised that his sentence would depend on his relevant conduct and the sentencing guidelines, not his expectations, Holman was still willing to go forward with his guilty plea.  In addition, Holman's speculation that he might have gone to trial is undermined by the sentencing proceedings, which reflect that even after reviewing the PSR and learning that he would likely be sentenced as a career offender with a range of 188 to 235 months, Holman did not object to the career offender findings or seek to withdraw his guilty plea and go to trial.

Because Holman has not presented objective evidence that he would not have entered a guilty plea had Butts advised him differently, he cannot establish the second prong of the *Strickland* test.

      B.     <u>*Blakely*</u>

In his supplements to his original § 2255 petition, Holman appears to be arguing that, in light of *Blakely v. Washington*, 542 U.S. 296 (2004), his sentence was improper. Specifically, he appears to be arguing that the Court erred in finding his relevant conduct and gun enhancement by only a preponderance of the evidence. The government responds arguing that *United States v. Booker*, 543 U.S. 220 (2005), which applied *Blakely* to the United States Sentencing Guidelines, is not retroactive to cases on collateral review.

To understand Holman's argument, a brief review of *Blakely* and *Booker*, is in order. *Blakely* applied the principles set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to a Washington state sentencing scheme similar to the federal sentencing guidelines. In *Blakely*, the defendant pled guilty to second-degree kidnaping, a class B felony that carried a standard sentencing range of 49 to 53 months. *Blakely*, 542 U.S. at 299. In general, class B felonies in Washington could not be punished by prison sentences exceeding ten years. *Id.* The sentencing judge found that aggravating factors existed to justify an exceptional sentence of 90 months, still well within the permissible class B felony range but also well beyond the standard range for second-degree kidnaping. *Id.* at 300. The Supreme Court held, however, that because the facts to which the defendant pled could only support a standard range sentence, *Apprendi* precluded the judge from making further findings to enhance the sentence, even if the sentence still fell within the class B felony range. *Id.* at 303-04. In essence, the *Blakely* Court held that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely*

*on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at 303 (emphasis in original). Therefore, because only the 49 to 53 month range was justified by the defendant's plea and any higher sentence was subject to reversal considering *only the facts admitted in the plea*, the defendant's sentence must fall within that range. *Id.* at 304.

In the lower *Booker* decision, 375 F.3d 508 (7th Cir. 2004), the Seventh Circuit Court of Appeals applied *Blakely* to the federal sentencing guidelines system and held that (other than criminal history) only facts proven to a jury beyond a reasonable doubt or admitted by a defendant could be used to calculate a sentence under the guidelines. *Booker*, 375 F.3d at 510-12. The Supreme Court ultimately confirmed that *Blakely* applies to the federal sentencing guidelines and that application of the guidelines as written is unconstitutional because of their mandatory nature. *Booker*, 543 U.S. at 226-27, 233. However, the Supreme Court held that the proper remedial measure to save the guidelines is not to require that special findings be submitted to a jury. *Id.* at 249-58. The proper remedial measure, the Court decided, is to strike the portions of the Sentencing Reform Act of 1984 that make application of the guidelines mandatory as opposed to advisory: 18 U.S.C. §§ 3553(b)(1) and 3742(e). *Id.* at 258-64. Those provisions having been stricken from the Sentencing Reform Act, judges, "while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Id.* at 264; *see* 18 U.S.C. § 3553(a)(4) & (5).

However, the Court of Appeals for the Seventh Circuit has held that *Booker* is not retroactively applicable on collateral review. *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir.), *cert. denied*, 125 S. Ct. 2559 (2005); *see also Curtis v. United States*, 294 F.3d 841, 844 (7th Cir. 2002) (*Apprendi* does not apply retroactively on collateral review); *Schriro v. Summerlin*, 542 U.S. 348, 358 (2004) (holding that *Ring v. Arizona*, 536 U.S. 584 (2002), which

relied on the same principles as *Apprendi*, does not apply retroactively on collateral review).  For this reason, *Booker* is of no assistance to Holman, and he is not entitled to § 2255 relief on that basis.

    C.    <u>Sentencing Errors</u>

To the extent that Holman complains in his § 2255 motion of sentencing errors, he cannot raise those arguments in the pending motion.  As long as a defendant's sentence is within the sentencing range provided by the statute of the offense, sentencing guideline calculation errors are nonconstitutional and are not reviewable in § 2255 proceedings.  *United States v. Wisch*, 275 F.3d 620, 625 (7th Cir. 2001) (citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993)).  Holman's claims of sentencing errors are not constitutional arguments and cannot therefore be raised in this § 2255 motion.

Because Holman's "motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief," 28 U.S.C. § 2255, the Court finds that no hearing is necessary.

**IV.**    **Conclusion**

For the foregoing reasons, the Court **DENIES** Holman's § 2255 motion and its amendment (Docs. 1, 3 & 5) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  July 19, 2006**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**